# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
Oral Argument: Not yet scheduled

No. 11-3111

UNITED STATES OF AMERICA,

*Appellee*

v.

ROLAND J. BAILEY ,

*Appellant*

APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

**Brief  for Appellant**

Dennis M. Hart
601 Pennsylvania Avenue N.W.
Suite 900 South Building
Washington, D.C. 20004
202.347.1820
d.m.hart@hartdc.com

Criminal No. 03-cr-441-RBW          March 29, 2013

# Circuit Rule 28 Certificate
## as to Parties, Rulings and Related Cases

(A) Counsel for Ronald J. Bailey certifies that the following parties appeared in the proceedings below:

United States of America
Anthony Rice

There are no intervener or amici.

(B) Counsel for appellant Roland J. Bailey certifies that appellant seeks to challenge the re-sentence and judgment of conviction entered by the Honorable Reggie B. Walton on December 2, 2011.

( C) Counsel for appellant Roland J. Bailey certifies that he has previously been party to an appeal before this Court in the following related matters:

*United States v. Roland J. Bailey*, 07-3006, 622 F.3d 1 (D.C.Cir. 2010)

The direct appeal by the co-defendant of appellant Bailey is pending before this Court in *United States v. Anthony Rice*, 06-3166

Dennis M. Hart

-i-

# TABLE OF CONTENTS

Rule 28 Certificate.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

Statutes and Regulations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Addendum

Statement of Issues Presented for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Jurisdictional Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

I      The District Court Erred In Resentencing. . . . . . . . . . . . . . . . . . . . . . . . 13

      A.  Standards Of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      B. The District Court Erred Procedurally And Substantively
         When It Imposed The Same Life Sentence. . . . . . . . . . . . . . . . . . 15

          1. Procedural Errors. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

          2. The Court Imposed An Unreasonable Sentence. . . . . . . . . 20

      C.  The District Court Erred In Failing To Resolve A Critical
         Sentencing Factual Dispute. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

II     The District Court Erred When It Failed To Resolve A Continuing Challenge Of Grand Jury Impropriety. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

       A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

       B. Background Of The Grand Jury Challenge. . . . . . . . . . . . . . . . . . 27

       C. The April 18, 2011, Order Did Not Resolve The Question That Was Supposed To Be Addressed On Remand. . . . . . . . . . 29

       D. Failure To Resolve The Additional Franchak Grand Jury Challenge Is Also Error. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Certificate of Length. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Addendum. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

# TABLE OF AUTHORITIES

*Gall v. United States*, 552 U.S. 38 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Koon v. United States*, 518 U.S. 81 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Nelson v. United States*, 555 U.S. 350 (2009)(*per curiam*). . . . . . . . . . . . . . . . 17

*Pepper v. United States*, __U.S.__, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011). . . . 20

*Rita v. United States*, 551 U.S. 338 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Sealed Case*, 527 F.3d 188 (D.C.Cir. 2008).. . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Sealed Case,* 146 F.3d 881 (D.C.Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . 27

*United States v. Akhigbe*, 642 F.3d 1078 (D.C.Cir. 2011). . . . . . . . . . . . . . . . . . . 17

*United States v. Ayers*, 428 F.3d 312 (D.C.Cir. 2005). . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Baylor*, 97 F.3d 542 (D.C.Cir. 1996). . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Blackson*, __F.3d__, 2013 U.S.App.Lexis 4874
       (D.C.Cir. March 12, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Booker*, 543 U.S. 220 (2005). . . . . . . . . . . . . . . . . . . . . 14, 19, 20

*United States v. Bradley,* 628 F.3d 394 (7th Cir. 2010).. . . . . . . . . . . . . . . . . . . . 20

*United States v. Bras*, 483 F.3d 103 (D.C.Cir. 2007). . . . . . . . . . . . . . . . . . . 21, 22

*United States v. Carter*, 489 F.3d 528 (2nd Cir.), *cert. denied*,
       552 U.S. 1144 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Cavera*, 550 F.3d 180 (2nd Cir. 2008)(*en banc*),
       cert. denied, 556 U.S. 1268 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*United States v. Coles,* 403 F.3d 764 (D.C.Cir. 2005). . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Cossey*, 632 F.3d 82 (2nd Cir. 2011). . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Day*, 524 F.3d 1361 (D.C. 2008), *cert. denied,*
    555 U.S. 887 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Deloitte, LLP*, 610 F.3d 629 (D.C.Cir. 2010).. . . . . . . . . . . . . . 27

*United States v. Fields,* 699 F.3d 518 (D.C.Cir. 2012).. . . . . . . . . . . . . . . . . . . . . 14

*United States v. Floyd*, 499 F.3d 308 (2nd Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . 23

*United States v. Gardellini*, 545 F.3d 1089 (D.C.Cir. 2008). . . . . . . . . . . 14, 18, 22

*United States v. Hernandez,* 604 F.3d 48 (2nd Cir. 2010). . . . . . . . . . . . . . . . . . . 18

*United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Lawrence*, 662 F.3d 551 (D.C.Cir. 2011). . . . . . . . . . . . . . . . . . 14

*United States v. McCoy*, 313 F.3d 561 (D.C.Cir. 2002). . . . . . . . . . . . . . . . . . . . . 25

*United States v. Panice*, 598 F.3d 426 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . 18

*United States v. Patrick*, 707 F.3d 815 (7th Cir. 2013). . . . . . . . . . . . . . . . . . . . . 22

*United States v. Price*, 409 F.3d 436 (D.C. 2005). . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Saani*, 650 F.3d 761 (D.C.Cir. 2011). . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Sadler*, 538 F.3d 879 (8th Cir.), *cert. denied,*
    555 U.S. 1066 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Settles*, 530 F.3d 920 (D.C.Cir. 2008). . . . . . . . . . . . . . . . . . . . . 21

*United States v. Sevilla*, 541 F.3d 226 (3rd Cir. 2008). . . . . . . . . . . . . . . . . . . . . 18

*United States v. Simpson*, 430 F.3d 1177 (D.C.Cir. 2005). . . . . . . . . . . . . . . . . . . 19

*United States v. Thompson*, 562 F.3d 387 (D.C.Cir. 2009). . . . . . . . . . . . . . . . . 27

*United States v. Toohey,* 448 F.3d 542 (2nd Cir. 2006). . . . . . . . . . . . . . . . . . . . 23

*United States v. Tucker,* 404 U.S. 443 (1972).. . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Williams v. New York*, 337 U.S. 241 (1949). . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Whether the district court erred procedurally when it imposed a life sentence without adequately considering all of the factors required to achieve the sentencing goals of 18 U.S.C. 3553(a)?

Whether the district court imposed a substantively unreasonable sentence on remand when it sentenced the appellant to the same life term as the original sentence in light of the goals of 18 U.S.C. 3553(a)?

Whether the district court erred when it failed to resolve a challenge to the accuracy of the PSR at the resentencing which involved a post arrest confession of the appellant whose accuracy was disputed by the appellant and which the district court relied upon for the terms of its re-sentence decision?

Whether the district court erred when its response to the remand failed to resolve the issue that was originally raised and further erred when it refused to permit the appellant to litigate a related, but different, challenge of grand jury impropriety which was discovered as a result of the remand?

# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No.  11-3111

UNITED STATES OF AMERICA,

*Appellee*

v.

ROLAND JAMES BAILEY,

*Appellant*

Appeal From The United States District
Court For The District Of Columbia

**Brief  for Appellant**

## JURISDICTIONAL STATEMENT

This is an appeal from a judgment of conviction and a life sentence entered

against the appellant for violation of 21 U.S.C. 841.  This judgment was the result of

a jury trial and conviction on a single count of possession with intent to distribute

cocaine before the Honorable Reggie B. Walton and was entered initially against the appellant on December 22, 2006.

On October 26, 2010, this Court affirmed the conviction but remanded the matter back to the district court for resentencing on a Guidelines issue as well as the resolution of a challenge involving grand jury impropriety. *United States v. Bailey*, 622 F.3d 1(D.C.Cir. 2010).

Following remand, the district court imposed the same life sentence on appellant on December 2, 2011. This appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. §1291.

## STATEMENT OF THE CASE

On October 7, 2003, an indictment was returned which charged appellant and 18 other individuals with drug conspiracy and various narcotics distribution offenses. On January 9, 2006, appellant and one other defendant (Anthony Rice) began a six week jury trial which resulted in a verdict of guilty on the one count of possession with intent to distribute cocaine; not guilty on the conspiracy to import count and a hung jury on the conspiracy to distribute count. Mr. Rice was found guilty on 2 counts of conspiracy and his direct appeal is currently pending in 06-3166.

Motions for new trial were filed by trial counsel in April and May of 2006.

-3-

(Doc. 473, 487) These motions renewed the pre-trial motion to suppress evidence; argued inconsistencies in the police testimony before the grand jury and suppression hearing and contained a claim that the government presented false testimony before the grand jury.  The post trial motions were denied by the district court on December 22, 2006, in an oral ruling from the bench.  (Dec. 22, Tr. 18) It was at this point that the district court accepted the government's oral  representation of the grand jury facts without an actual review of the transcript.  This is what eventually led  to the remand on appeal in 07-3006. (Dec. 22, Tr. 18-19)  On that same date, appellant was sentenced to life in prison. (Dec. 22, Tr. 29-31)

On appeal in 07-3006, appellant argued that his conviction was infirm because the trial court erred when it failed to suppress the cocaine seized from appellant; that the failure to produce a traffic ticket for the drug stop was a fatal *Brady* violation; that the sentence was improper because the trial court may have imposed a sentence under the career criminal provision of the sentencing guidelines that it thought was mandatory and that the matter should also be remanded to resolve an outstanding allegation of grand jury impropriety that was first raised pre-trial and latter in the motion for new trial and which remained unresolved at time of sentencing.

In *United States v. Bailey*, 622 F.3d 1(D.C.Cir. 2010), a panel of this Court affirmed the conviction in all respects.  However, the Court did order that the matter

-4-

be remanded for re-sentencing in light of *Kimbrough v. United States*, 552 U.S. 85 (2007). The opinion also ordered a remand for resolution of the unresolved grand jury question. 622 F.3d at 11-12.

The grand jury issue raised in the first appeal was a claim by appellant that one of the police officers (Manley) involved in his case had lied before the grand jury about what he saw when the appellant was arrested. The false grand jury testimony argument was first raised by appellant before trial in a motion to dismiss the indictment. It was based on the apparently contradictory testimony of Detective Watts at a suppression motion with that of Investigator Manley before the grand jury. (Doc. 379) At the time of this original motion and government response, the government had represented that the Manley testimony in question was only an insignificant mis-recollection or minor inconsistency. (Doc. 383)

A motion for new trial filed in 2006 again alleged grand jury misconduct by presenting the false testimony of Manley to the grand jury. (Docs. 473, 487) The government responded to this motion by now claiming that regardless of the truth of the Manley testimony, it was not actually presented to the grand jury which returned the indictment on which appellant was tried. (Doc. 527, pp. 11-13) This position was repeated orally by government counsel at the hearing on the motion. (Dec. 22, Tr. 17, 19) It was at this point that the government now informed the district court that the

-5-

grand jury which returned the indictment for this case did so on the basis of testimony by an Officer Stephen Franchak. (Dec. 22, Tr. 13)  Defense counsel expressed concern at this development because the Franchak claim had not been included in prior government responses to the grand jury issue and because Officer Franchak had testified at trial but no grand jury testimony was provided as *Jencks* material. Counsel sought to review the entire record of the grand jury that returned the indictment. (Dec. 22, Tr. 14)[1]

Although the district court announced at the hearing of December 22, 2006, that it would accept the government's oral representation at that time as correct, it wanted the government to submit the grand jury transcripts for an *in camera* review so that the district court could confirm the government's claim.  (Dec. 22, Tr. 18-19) Because there was no record that such a submission had ever been made by the government or considered by the district court prior to the time of the oral argument in 07-3006, this Court  remanded the matter for that purpose also, in addition to the resolution of the Guidelines issue.

---

[1] The government had provided Franchak grand jury testimony after the trial was over.  Several days after the government response to the post trial motion to dismiss the indictment, it filed a Notice of Production of *Jencks* Material.  (Doc. 543) Attached to the memorandum was a copy of Officer Franchak's grand jury testimony of September 23, 2003. In this notice, the government argued that late production did not prejudice the appellant because Franchak testified about a search conducted during the investigation which neither defendant crossed on.

On April 18, 2012, the district court issued a one sentence order which confirmed in writing its earlier adoption of the government explanation of the grand jury response.   It found that "no false testimony was presented to the grand jury." (App. 113)  The order did not address the government representation that the Manley testimony was presented before a separate grand jury and not in any form to the grand jury which returned the indictment on which appellant went to trial.  Nor did the order address the contradiction in suppression hearing/grand jury testimony originally raised by the appellant in his pre and post trial motions.  For reasons that remain unclear, this order does not appear on appellant's docket record.[2]

On December 2, 2011, appellant appeared for a re-sentencing hearing, at which time counsel raised additional concerns about the grand jury testimony in the case. These concerns were based on a *pro se* letter, dated November 22, 2011, that apparently was sent to the court but never docketed. (Dec. 2, Tr. 11-13)[3] The

_____

[2] Nor does the order appear to have made it to the appellant.  On the day of re-sentencing, the district court referred to a *pro se* motion filed pursuant to Rule 60(b)(4) that was based on what the court characterized as appellant's "belief that a ruling had not been issued by the Court regarding the Grand Jury testimony which is not the case."  (Dec. 2, Tr. 2) While the district court was familiar with the claim of no order, this *pro se* motion does not appear in the appellant's district court docket record or file.

[3] The November 22, 2011, letter eventually made it into a court record as an attachment to a government pleading filed in this case as attachment A (Doc. 1379904)(6/27/2012)(App. 114).

-7-

government objected to any further inquiry on grand jury impropriety and the district court agreed. (Dec. 2, Tr. 14) Defense counsel explained that this was a different grand jury issue from that originally raised in the first appeal and that it became known only after disclosure of the grand jury testimony pursuant to the remand after appeal. (Dec. 2, Tr. 14-15) The district court directed sentencing counsel to pursue this with a formal written pleading if counsel thought appropriate. (Dec. 2, Tr. 15-16) Defense counsel indicated that he would file. However, no other filings were made in the district court on this subject.

At re-sentencing, the district court began its explanation of the reasons for its sentencing decision by referring to a portion of the pre sentence report (PSR) which outlined a post arrest statement allegedly given by appellant to police officers which the court summarized as an admission by the appellant that he was involved in 20 to 30 purchases of kilo quantities of cocaine. (Dec. 2, Tr. 5). Counsel for appellant replied that no such statement was ever given and that the police and PSR claim of a confession was false. (Dec. 2, Tr. 9-10) The district court then speculated that even if the alleged confession was not true, it was "inconceivable" to the court-- based on its knowledge of the drug business-- that appellant did not have an "extensive relationship" with the drug conspiracy for which he was acquitted. (Dec. 2, Tr. 10) The district court again imposed the original sentence of life in prison. (Dec. 2, Tr.

8-9).

A notice of appeal was filed on December 12, 2011. (Doc. 866, 868; App. 133, 135)

On January 17, 2012, new counsel was appointed by this court to represent appellant on this appeal.   On June 8, 2012, appellant's counsel filed a motion in this court for a remand for a hearing on the outstanding grand jury issue raised at the re-sentencing and the November 22nd letter. (Doc. 1377885).  The government filed an opposition on June 21, 2012. (Doc. 1379904)   In a *per curiam* order, dated August 20, 2012, the motion for remand was denied. (Doc. 1390000).

On December 28, 2012, appellate counsel was permitted to withdraw and the undersigned appointed as replacement counsel.

# SUMMARY OF ARGUMENT

## I

**The district court committed procedural error when it failed to adequately consider all of the sentencing factors required by 18 U.S.C. 3553(a)when it imposed the same life sentence.**

The district court erred procedurally when it imposed the same life sentence without an adequate consideration of all of the 18 U.S.C. 3553(a) factors required to achieve the goals of federal sentencing law in that it unfairly over emphasized the prior criminal history and failed to give sufficient weight to just punishment and the need to avoid unwarranted disparities for similar offenses.

## II

**The district court erred when it imposed a life sentence that was substantively unreasonable under the circumstances of this case.**

The re-imposition of the same life sentence after remand was a substantively unreasonable sentence under these circumstances because it was far greater than necessary to achieve the goals of the sentencing statute.

-10-

## III

**The district court erred when it sentenced appellant on the basis of disputed facts contained in the pre-sentence report and again erred when it failed to resolve the accuracy of these facts after they were challenged by appellant.**

The district court erred when it based its sentencing reasoning on a part of the presentence report which claimed that appellant had confessed to the possession of a large amount of additional drugs for which he was not found guilty. The addition of these amounts in the PSR calculation increased his offense level. When the appellant denied making such a statement and placed that claim in dispute, the district court's disavowal of that reason for imposing the life sentence again was an abuse of discretion.  The district court further erred by failing to resolve this factual dispute pursuant to Rule 32.

## V

**The district court erred when it left unresolved the remaining challenges of grand jury impropriety which had been raised prior and during the sentencing hearing**

In his motion for new trial, appellant, by way of counsel raised a challenge to the propriety of the grand jury procedure which resulted in his indictment.  One aspect if theses challenges (the Manly misrepresentations) was the subject of an

attempted resolution by the remand and order from the first appeal.  Appellant submits that the district court order on remand did not resolve the allegation of grand jury impropriety which was the subject of the first appeal.  In addition, a separate grand jury irregularity was raised post remand involving Officer Stephen Franchak.  When the Franchak grand jury testimony was eventually produced to the defendant and compared with government representations, it became clear to appellant that a second grand jury impropriety was also present.   Although appellant attempted to raise this second grand jury issue before the district court prior to sentencing, the court declined to address it.   This related but separate allegation of grand jury impropriety also remains outstanding and needs to be resolved with a remand for a hearing.

# I

## THE APPELLANT'S SENTENCE MUST BE REMANDED BECAUSE IT IS PROCEDURALLY AND SUBSTANTIVELY FLAWED UNDER 18 U.S.C. 3553(A) AND IS THE RESULT OF AN IMPROPER FACTUAL BASIS

Appellant asks the Court to again remand his case for a re-sentence hearing. He believes that such a remand is required because of the failure of the district court to adequately consider all of the sentencing factors of 18 U.S.C. 3553(a). In addition, appellant believes that the court imposed a substantively unreasonable sentence of life in violation of Federal sentencing goals. The district court also erred when it based its sentence on a disputed post arrest confession contained in the pre sentence report which substantially increased his Guidelines calculations and the challenge to which the court failed to resolve.

## A. Standards of Review

Review of district court sentencing decisions is guided by a three part test. Purely legal questions are reviewed *de novo*; factual findings are reviewed under a clearly erroneous standard; and the reviewing court gives due deference to the district court's application of the guidelines to the facts. *United States v Saani,* 650 F.3d 761,

765 (D.C.Cir. 2011);  *United States v. Day*, 524 F.3d 1361, 1367 (D.C. 2008), *cert. denied*, 555 U.S. 887(2008).

Pursuant to the decisions in *United States v. Booker*, 543 U.S. 220 (2005), and *Gall v. United States*, 552 U.S. 38 (2007), appellate courts review sentences under an abuse-of-discretion standard and have an obligation to set aside sentences found to be "unreasonable." *United States* v. *Booker*, 543 U.S. at 261-63. This review proceeds in two steps. The reviewing court must first ensure that the district court committed no procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to adequately consider the §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Once the appellate court determines that a sentence is procedurally sound, it reviews the substantive reasonableness of the sentence under an abuse-of-discretion standard. *United States v. Gardellini*, 545 F.3d 1089,1092-93 & n. 2 (D.C.Cir.2008); see also, *United States v. Fields*, 699 F.3d 518, 523 (D.C.Cir. 2012).  This remains the standard even when no objection was raised in the district court. *United States v. Lawrence*, 662 F.3d 551, 563 (D.C.Cir. 2011)

-14-

**B. The District Court Erred Procedurally And Substantively When It Imposed The Same Life Sentence**

The original appeal in this matter argued that the district court may not have recognized that it had the authority to reject a career offender Guideline calculation that resulted in an increase from 110-137 months to 360 months to life without parole. 622 F.3d at 10.[4]  Because the argument to reject or modify that Guideline policy was made at the original sentencing and remained unaddressed by the district court, this Court remanded the matter, pursuant to *United States Coles*, 403 F.3d 764, 770 (D.C. 2005).

After the remand, the appellant again argued in a re-sentencing memorandum that the career criminal calculation should be rejected because it overstated appellant's criminal history record (Doc. 835) The district court concluded otherwise and at re-sentencing declared that even if there was not a career criminal Guideline, he would reach the same sentence because appellant, although caught with only one kilogram of powder cocaine, admitted post arrest to participation in a major drug distribution ring with 20 to 30 purchases of 1 to 2 kilograms of cocaine which the

---

[4] Although a sentence enhancement notice was filed pursuant to 18 U.S.C. 851 (Doc. 278), the life sentence ordered in this case appears to have been a Guidelines sentence pursuant to U.S.S.G. § 4B1.1. which carries a possible sentencing range of 360 months to life for an offense level of 37 and criminal history Category VI.  (PSR. Para. 22, 42)

court characterized as a "tremendous amount of cocaine." (Dec. 2, Tr. 5) Although agreeing that most of his prior convictions had taken place some time ago, the district court appeared to conclude that because of appellant's age (51 years old) he was–in the view of the district court–unable to change and wished to "live a life of crime." (Dec. 2, Tr. 8)

Defense counsel pointed out to the court that the statement upon which the court had relied for quantity, conspiracy participation and life of crime conclusions was a statement repeated in the pre sentence report which the appellant disputed. (Dec. 2, Tr. 9-10) The court responded that even if appellant did not make the statement recited in the PSR, he would still reach the same conclusion because the court knew "how the drug industry works" and that an individual trusted with one kilogram of cocaine must have had an extensive relationship with the other members of the conspiracy. (Dec. 2, Tr. 10).  The court concluded that "In my experience, when these types of large sales are involved inevitably there's a long-term relationship with the individuals."  (Dec. 2, Tr. 11)

The court announced that the only way to protect the community in his view was to impose a life sentence on the appellant. (Dec. 2, Tr. 8).

*(1)  Procedural Errors*

At the outset, appellant believes that the §3553(a) sentencing framework

-16-

applies both at a defendant's initial sentencing and at any subsequent resentencing after a sentence has been remanded on appeal. 18 U.S.C. §3742(g); *United States v. Blackson,* __F.3d__, 2013 U.S.App.Lexis 4874 (D.C.Cir. March 12, 2013)

When a district court does not consider the factors set forth in 18 U.S.C. 3553(a) in imposing a sentence or does not adequately explain the chosen sentence, it commits a procedural sentencing error. *United States v. Akhigbe*, 642 F.3d 1078, 1086 (D.C. 2011); *In re Sealed Case*, 527 F.3d 188, 191 (D.C.Cir. 2008).

Appellant suggests that the first procedural error made by the district court was an assumption that the guidelines are presumptively reliable to achieve the goals of federal sentencing. Thus, the district court assumed that a life without parole sentence was the appropriate Guidelines sentence for a person with his criminal history who was found guilty of possession of approximately 1 kilogram of powder cocaine. The district court did not give any indication that it seriously considered the possibility of any sentence outside the Guideline range. A sentence that rests on a foundation at the district court level of presumptive reliability for the guidelines runs counter to the reasoning of *Rita v United States*, 551U.S. 338 (2007). The district court may not presume that a within Guidelines sentence is presumptively reasonable. *Nelson v. United States*, 555 U.S. 350, 352 (2009)(*per curiam*). Sentences based on a district court presumption of reasonableness are subject to remand. *See, e.g. United*

States v. Panice, 598 F.3d 426, 441-444 (7th Cir. 2010).

Secondly the district court failed to adequately review and weigh each of the §3553(a) factors. 18 U.S.C. 3553(a) requires the sentencing judge to consider (1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) just punishment or retribution, (b) deterrence, ( c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution. This statutory requirement requires the judge to "impose a sentence sufficient, but not greater than necessary, to comply with" the basic aims of sentencing as set out above, not whether the guideline range is sufficient. The failure to do so is also a sentencing procedural error. United States v. Gardellini, 545 F.3d at 1092.

Of course just the bare statement that the sentencing court has considered all of the §3553(a) factors is, by itself, insufficient to pass muster. United States v. Sevilla, 541 F.3d 226 (3rd Cir. 2008) There must be an actual demonstration in the record that this essential element of sentencing has actually taken place. United States v. Hernandez, 604 F.3d 48 (2nd Cir. 2010).

Appellant submits that the court's determination in the present case was controlled exclusively by its views of prior criminal history and the assumptions by

the bench of drug amounts for conspiracies in general. These are only 2 of the factors in the 3553(a) matrix. This is an inappropriate analytical framework since it emphasizes unfairly certain characteristics and ignores others. *Booker* requires "judges to take account of the Guidelines together with other sentencing goals." 543 U.S. 259-60; *United States v. Price,* 409 F.3d 436, 442 (D.C.Cir. 2005)("Under *Booker,* we review the district court's sentence to ensure that it is reasonable in light of the sentencing factors that Congress specified in 18 U.S.C.3553(a)")

The district court's sentencing reasons demonstrate that appellant was not sentenced just for the crime he was convicted of in count 2. Rather, the district court also sentenced him for the conspiracies–one of which he was acquitted of and the other which resulted in a hung jury verdict and later dismissed. In addition, the district court imposed a sentence based on its own view of the quantity of drugs in the conspiracy, regardless of any factual findings on quantity. As a final error, the court indicated it based its decision on a prior criminal history which was both old and not significant enough to warrant a life without parole sentence.

While the district court need not recite each factor during sentencing, effective review for reasonableness by appellate court requires that the sentencing demonstrate consideration of the factors on the record. See, *United States v. Simpson,* 430 F.3d 1177, 1186 (D.C.Cir. 2005).

-19-

Moreover, it would appear that a substantial basis for the sentence imposed was based on the district court's personal view of how the drug trade works in general. This speculation about past crimes and the possibility for recidivism is improper on at least two different grounds.  It bases an important sentencing decision on facts which are not subject to adversarial testing.  It thus fails the usual test for reliability in sentencing facts.  *United States v. Bradley*  628 F.3d 394 , 400 (7th Cir. 2010); *United States v. Cossey*, 632 F.3d 82 (2nd Cir. 2011).  Due Process requires that sentencing determinations be based on reliable evidence, not speculation or unfounded allegations.

The re-sentencing court here looked at the prior criminal history and its own personal view of the drug amount and failed to consider other factors when it re-imposed the original sentence. That sentence, which lacked adequate consideration of the necessary statutory factors, is insufficient in light of *Booker*.  See, *United States v. Ayers*, 428 F.3d 312, 314 (D.C.Cir. 2005)(sentencing factors acquire renewed significance post *Booker)*.

*(2) The Court Imposed An Unreasonable Sentence*

All criminal sentences are a "package of sanctions." *Pepper v. United States*, __U.S.__, 131 S.Ct. 1229, 1251 (2011).  A sentencing judge must consider and balance a number of disparate factors in arriving at a reasonable sentence. This Court

-20-

is permitted to apply a of presumption of reasonableness to sentences in the Guideline range. This presumption however does not grant the sentence an impenetrable shield of immunity just because the offense has a maximum term of life. In addition to procedural requirements, Federal sentencing law also requires that the final sentence be reasonable. Appellant submits that the life sentence re-imposed in this case was not reasonable.

Appellant suggests that the standard of review for substantive reasonableness of a sentence is abuse of discretion, whether or not the sentence was objected to at the time of imposition. *United States v. Bras*, 483 F.3d 103, 113 (D.C.Cir. 2007)

When reviewing a sentence to determine whether it is substantively reasonable, an appellate court may consider whether a factor relied on by the district court can bear the weight assigned to it. While the review is deferential, the reviewing court has a responsibility to consider whether the factor, as explained by the district court, can bear the weight assigned to it by the district court under the totality of the circumstances. *United States v. Cavera*, 550 F.3d 180, 191 (2nd Cir. 2008)(*en banc*), *cert. denied*, 556 U.S. 1268 (2009)

This court has also recognized that the reliance for sentencing purposes on acquitted conduct can be unfair and result in negative consequences. *United States v. Settles,* 530 F.3d 920, 923 (D.C.Cir. 2008); *United States v. Baylor*, 97 F.3d 542,

-21-

549 (D.C.Cir. 1996)(Wald, J. concurring). Yet this jurisdiction still operates on the principle that sentencing judge may rely on facts demonstrated merely by a preponderance of the evidence when a jury has acquitted a defendant of the same conduct. *United States v. Bras*, 483 F.3d at 108.

Appellant believes that a district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor or consider only the appropriate factors but commits a clear error of judgment. *United States v. Saddler*, 538 F.3d 879, 890 (8th Cir.), *cert. denied*, 555 U.S. 1066 (2008). *See also, United States v. Irey,* 612 F.3d 1160, 1189 (11th Cir. 2010).

Put another way, in light of the facts and circumstances of the offense and offender, is the sentence so unreasonably high or unreasonably low as to constitute an abuse of discretion by the district court. *Gardellini*, 545 F.3d at 1093. Appellant submits that a life sentence for possession with intent to distribute one kilogram of powder cocaine fits the unreasonably high description of abuse of discretion. *See,e.g., United States v. Patrick*, 707 F.3d 815 (7th Cir. 2013)(Because a sentence of death in prison is notably harsher than a sentence that stops even a short period before, we have stated that death in prison is not to be ordered lightly, and the probability that a convict will not live out his sentence should certainly give pause to

a sentencing court)

Because of the failure to explain adequately why it rejected appellant's arguments that the sentencing structure employed by the court double counted or over counted his criminal background means that is not clear at all that any of the required balancing of sentencing factors took place. *See, e.g., United States v. Floyd*, 499 F.3d 308 (2nd Cir. 2009); *United States v. Toohey,* 448 F.3d 542 (2nd Cir. 2006). While this is a procedural error, it also results in substantively unreasonable sentence.[5]

Appellant submits that a sentence of life without possibility of parole deserves a far greater explanation than that given by the district court in this case.   See, *Pepper v. United States*, __U.S.__, 131 S. Ct. 1229, 1239-40, 179 L. Ed. 2d 196 (2011) ("'It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113, (1996). "Underlying this tradition is the principle that 'the punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 U.S. 241 (1949).").

---

[5] Nor does the required Sentencing Statement of Reasons clear up this defect since this document does not appear to have ever made it into the court file in this case.

**C. The Court Erred In Failing To Resolve A Critical Sentencing Factual Dispute.**

Appellant acknowledges that the district court is permitted to utilize a wide range of facts in reaching an appropriate sentence. This wide range however is not without bounds. For example, a sentence founded on misinformation is reversible error. *United States v. Tucker*, 404 U.S. 443, 447 (1972). Reliance on incorrect or inadequate factual references in the PSR is a reversible error. *United States v. Carter,* 489 F.3d 528 (2nd Cir.) *cert. denied* (2007)

The Sentencing Guidelines provide that a sentencing judge may use relevant information to resolve a dispute over facts without regard to admissibility at trial, provided that the information has a sufficient indicia of reliability to support its probable accuracy. U.S.S.G. 6A1.3.

The use by the district court in this case of an alleged confession which was disputed by the appellant to establish both his participation in the acquitted conspiracy as well as the quantity of drugs which played a part in his Guidelines calculations satisfied none of these requirements for fairness.

A disputed factual assertion in the PSR imposes a burden of proof upon the government. *United States v. Price*, 409 F.3d at 444-45. This burden was not met by the government in this case.

Appellant would argue in addition that even if this error is discounted by the

-24-

claim that the district court would have imposed the same life sentence without its presence in the PSR and during his sentence discussion, the failure to resolve this factual dispute remains an error under Fed.R.Crim.P. 32.

Rule 32 requires that the sentencing court shall resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(I). *United States v. McCoy*, 313 F.3d 561, 565 (D.C.Cir. 2002). This is also required under the Guidelines. U.S.S.G. 6A.1.3(b).

There are a number of good reasons for this requirement even apart from its role in sentencing. The PSR plays a critical role in the appellant's life that follows the imposition of his sentence. It is the primary document used for the initial classification of inmates by the Bureau of Prisons. Security Description Procedures For New Commitments, BoP Program Statement, Chapter 3, P5100.08 (September 12, 2006). For this reason it must contain accurate information.

In addition, the PSR plays a critical role in the determination of where an inmate is located, his security classification, his custody level, the level of supervision required, his transfer prospects and program eligibility. Program eligibility includes such areas as educational opportunities, drug or alcohol treatment programs and medical care. Resolution of inaccuracies in the PSR must be undertaken before commitment because BoP regulations currently prohibit inmates from possessing

-25-

copies of their own PSRs.   BoP Program Statement 1351.05 (September 19, 2002).

This is one of the reasons that Criminal Procedure Rule 32 requires that district courts resolve all contested issues at the time of sentencing.

The casual treatment afforded the question of the legitimacy of the appellant's claimed confession in his PSR to large scale narcotics transactions violates both the Rules of Criminal Procedure and the Guidelines and does not do service to the role that the PSR plays in the custody decisions which will determine the rest of the appellant's life while in custody.   This matter should be remanded for a definite resolution of this open question.

## II

**The District Court Erred When It Failed To Resolve A Continuing Challenge Of Grand Jury Impropriety**

Appellant submits that the April 18, 2006, order of the district court in response to the initial remand fails to address and resolve the grand jury issue which served as the basis for the original remand.   Equally as important is the related, but separate grand jury irregularity which appellant raised in respect to the Franchak grand jury testimony that was discussed, but not resolved at the time of re-sentencing.   The decision of the district court to ignore this challenge made to the basis of his conviction was error.

### A. Standard of Review

The review of discovery orders is made under an abuse of discretion standard. *United States v. Deloitte LLP*, 610 F.3d 129, 134 (D.C.Cir. 2010); *United States v. Thompson*, 562 F.3d 387. 396 (D.C.Cir. 2009).   Application of the correct legal standards is reviewed on appeal *de novo*.  *In re Sealed Case,* 146 F.3d 881, 883 (D.C.Cir. 1998).

### B.  Background of the Grand Jury Challenge

Appellant filed an initial motion to dismiss the indictment for grand jury

impropriety on December 15, 2005. (Doc. 379).  In that pre-trial motion, appellant claimed that Investigator Manley's grand jury testimony contradicted the recent suppression hearing testimony of Detective Watts about the details of the drug transaction of July 3rd.   The government responded that although the claims were inconsistent, it was nothing more than an innocent and insignificant misrecollection. (Doc. 383) The pre-trial motion to dismiss was denied on January 9, 2006 (Jan. 9, Tr. 36) and the matter went to trial.

In a motion for new trial, the appellant asked the district court to reconsider the motion to dismiss based on the Manley testimony.  (Doc.473, 487)   In its response to the reconsideration, the government did not dispute that the Manley testimony about the incident was contradictory, but now claimed that it was made before a grand jury which did not return the indictment upon which appellant was tried. (Doc. 527) Thus, the government argued, even if the Manley testimony was incorrect, there was no harm to the appellant.  This was repeated at the hearing on the motion by government counsel. (Dec. 22, Tr. 14-19) It was at this hearing that the government now announced, for the first time, that the indictment upon which appellant was tried was returned by a grand jury which heard only  testimony of Officer Franchak about the appellant's drug activity. (Dec. 22, Tr. 13)

On December 22, 2006, the district court denied the motion for new trial, but

-28-

agreed to review the grand jury materials to determine if the grand jury materials were

consistent with the government's position. (Dec. 22, Tr. 18-19)

By the time that appellant eventually appeared for re-sentencing after remand

on December 2, 2011, the defendant was not yet aware of the district court's order

dated April 18, 2011, which the court felt satisfied the remand requirement on the

grand jury issue.  (Dec. 2, Tr. 2) Although the April 18, 2011, order is not reflected

in the docket, it is included in the present Appendix.  (App. 114)

## C. The April 18, 2011 Order Did Not Resolve The Question That Was Supposed To Be Addressed On Remand

Appellant's original claim was that Investigator Manley lied to the grand jury

because he testified to events that neither he nor other officers were in a position to

see at the time of the drug transaction.  Ultimately, the argument was rebutted with

(1) the assertion that it made no difference as to what Manley said before the 02-01

Grand Jury because he did not testify before the 03-02 Grand Jury that returned the

indictment upon which he was tried and (2) the 03-02 Grand Jury which did return

the trial indictment heard only from Officer Franchak and did not include any of the

Manley testimony, either by live witness or by transcript.

The April 18th order was supposed to confirm those government reasons why

the motion to dismiss should be denied.  The April 18th order addressed neither of the

government responses. Merely claiming that Manley did not lie before the grand jury does not contain any judgment on what the grand jury who returned the trial indictment heard. The government claims it was only Officer Franchak who supplied evidence. But the April 18th order is silent as to this claim also. The district court had an obligation to review enough grand jury material to determine whether the government assertion at the December 22nd hearing was indeed correct. The April 18th order fails this obligation.

## D. Failure to Resolve The Additional Franchak Grand Jury Challenge Is Also Error

As noted earlier, the government did supply a copy of Officer Franchak's testimony before Grand Jury 03-02 for September 23, 2003, in its notice of late production of *Jencks* material filed with the district court post trial on August 4, 2006. (Doc. 528). In that filing, the government also claimed that the late disclosure was harmless since Franchak testified only about the search of an apartment on January 21, 2003. The apartment did not appear to have been connected with the charges against the appellant and as a result there was no cross examination of Officer Franchak at trial. Thus, the government argued on August 4, 2006, that late disclosure did not harm the defense case.

At the grand jury misconduct hearing on December 22, 2006, the government

-30-

again claimed that the Manley testimony was not presented to the 03-02 Grand Jury: "They did not hear from officer Manley, nor were they read officer Manley's previous transcript from a prior grand jury." (Dec. 22, Tr. 58) Rather, the government told the court that the grand jury that returned the indictment heard about this incident only from Officer Franchak. (Dec. 22, Tr. 58).

At that point, defense counsel expressed confusion at the explanation since Franchak did not testify at trial about either the seizure of July 3rd which was the basis for the PWID conviction or about the conspiracy for which the appellant was indicted but later acquitted. Any further explanation was terminated with the district court's directive to produce the grand jury material for in camera review.

As argued in the preceding section, the *in camera* review resulted in an order which resolved nothing. But that failure also raised an additional issue.

When it became clear that Franchak's grand jury testimony of September 23, 2003, involving the apartment search was insufficient to establish a foundation for the grand jury return of a true bill on appellant's involvement in both the conspiracy and the PWID of July 3, 2002, additional grand jury testimony was produced. It now appeared that Officer Franchak had actually testified on at least three occasions before Grand Jury 03-2: September 4, 2003; September 9, 2003 and September 23, 2003.

-31-

As appellant prepared for his re-sentence, a comparison of these newly revealed transcripts demonstrated two apparent flaws:  First, Officer Franchak testified about the traffic stop and seizure that served as the basis for the PWID, but told the grand jury that it took place on August 2, 2002.  He did this twice, in his testimony both on September 4th and September 9th.  Secondly, he told the grand jury in his September 9th testimony that after the traffic stop, appellant was read his rights and agreed to talk to officers about his other drug activities.  Officer Franchak told the grand jury that appellant had told <u>him</u> about a long term drug relationship with the other conspirators.  The flaw was that even government documents demonstrate that Officer Franchak was not present for this conversation.

Not only did appellant later deny making the statements in the context of his challenge to its presence in the presentence investigation report, the discovery documents and September 10, 2002, Grand Jury 02-1 testimony of Manley reflect that only Manley and FBI S/A Jimmy Pope questioned the appellant post arrest.  Franchak was not present, despite his later claims of participation.  Thus, appellant reached the conclusion that someone was not telling the truth about this incident---which is the only basis upon which the 03-02 Grand Jury could have returned an indictment for drug conspiracy.

It was because of these two apparent flaws, the wrong date for the PWID and

the contradiction in Franchak's confession claim, that appellant sought to have the district court hold a hearing into these allegations. The April 18th order should have noticed these problems if it were based on review of all of the Manley and Franchak grand jury testimony. But it did not do so. The delay in producing the April 18th order for the review of the appellant, prevented any motion for reconsideration or timely objection to the April 18th order. It was not until the eve of sentencing that appellant was forced to file a *pro se* letter with the court in an attempt to get a resolution of this increasingly disturbing pattern of grand jury missteps.

The district court however took no action and essentially ignored the motion. Appellant seeks another remand to finally force a conclusion to what appears from the outside to be serious grand jury improprieties.

## CONCLUSION

For the foregoing reasons, appellant respectfully requests that his case should be remand for re-sentencing and a hearing on his motion to dismiss for grand jury irregularities.


Respectfully submitted,


Dennis M. Hart
Counsel for Appellant Bailey
601 Pennsylvania Avenue N.W.
Suite 900
Washington, D.C. 20004
202.434.
202.347.1820
d.m.hart@hartdc.com

## CERTIFICATE OF SERVICE

I, Dennis M. Hart, certify that a true and correct copy of the foregoing

Appellant's Brief was served by ECF and by mail, with first class postage prepaid,

upon the following this 29th day of March, 2013:

> AUSA Elizabeth Trossman
> Office of the United States Attorney
> Appellate Section
> 555 Fourth Street N.W
> Washington, D.C. 20530

Dennis M. Hart

## CERTIFICATE OF LENGTH

I, Dennis M. Hart, certify that the foregoing brief contains 6,884 words and

is set in a 14 point or larger proportional typeface.

Dennis M. Hart

**ADDENDUM**

## STATUTES AND REGULATIONS

18 U.S.C. 3553.  Imposition of a sentence

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) the need for the sentence imposed--

      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3) the kinds of sentences available;

   (4) the kinds of sentence and the sentencing range established for--

      (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

         (I) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

         (ii) that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or

      (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

   (5) any pertinent policy statement--

-36-

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

(b) Application of guidelines in imposing a sentence.

(1) In general [Caution: In United States v. Booker (2005) 543 US 220, 160 L Ed 2d 621, 125 S Ct 738, the Supreme Court held that 18 USCS § 3553(b)(1), which makes the Federal Sentencing Guidelines mandatory, is incompatible with the requirements of the Sixth Amendment and therefore must be severed and excised from the Sentencing Reform Act of 1984.]. Except as provided in paragraph (2), the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission. In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection (a)(2). In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission.

(2) Child crimes and sexual offenses.

[(A)] Sentencing. In sentencing a defendant convicted of an offense under section 1201 [18 USCS § 1201] involving a minor victim, an offense under section 1591 [18 USCS § 1591], or an offense under chapter 71, 109A, 110, or 117 [18 USCS §§ 1460 et seq., 2241 et seq., 2251 et seq., or 2421 et seq.], the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless--

(I) the court finds that there exists an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence greater than that described;

(ii) the court finds that there exists a mitigating circumstance of a kind or to a degree, that--

(I) has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements issued under section 994(a) of title 28, taking account of any amendments to such sentencing guidelines or policy statements by Congress;

(II) has not been taken into consideration by the Sentencing Commission in formulating the guidelines; and

(III) should result in a sentence different from that described; or

(iii) the court finds, on motion of the Government, that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense and that this assistance established a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence lower than that described.

In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission, together with any amendments thereto by act of Congress. In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection (a)(2). In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission, together with any amendments to such guidelines or policy statements by act of Congress.

(c) Statement of reasons for imposing a sentence. The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--

(1) is of the kind, and within the range, described in subsection (a)(4), and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or

(2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in a statement of reasons form issued under section 994(w)(1)(B) of title 28 [28 USCS § 994(w)(1)(B)], except to the extent that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32. In the event that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32 the court shall state that such statements were so received and that it relied upon the content of such statements.

If the court does not order restitution, or orders only partial restitution, the court shall include in the statement the reason therefor. The court shall provide a transcription or other appropriate public record of the court's statement of reasons, together with the order of judgment and commitment, to the Probation System and to the Sentencing Commission,[,] and, if the sentence includes a term of imprisonment, to the Bureau of Prisons.

(d) Presentence procedure for an order of notice. Prior to imposing an order of notice pursuant to section 3555 [18 USCS § 3555], the court shall give notice to the defendant and the Government that it is considering imposing such an order. Upon motion of the defendant or the Government, or on its own motion, the court shall--

  (1) permit the defendant and the Government to submit affidavits and written memoranda addressing matters relevant to the imposition of such an order;

  (2) afford counsel an opportunity in open court to address orally the appropriateness of the imposition of such an order; and

  (3) include in its statement of reasons pursuant to subsection (c) specific reasons underlying its determinations regarding the nature of such an order.

Upon motion of the defendant or the Government, or on its own motion, the court may in its discretion employ any additional procedures that it concludes will not unduly complicate or prolong the sentencing process.

(e) Limited authority to impose a sentence below a statutory minimum. Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in

accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

(f) Limitation on applicability of statutory minimums in certain cases. Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--

   (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

   (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

   (3) the offense did not result in death or serious bodily injury to any person;

   (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act [21 USCS § 848]; and

   (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.